UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Melissa D. Bohlman,<br><br>Plaintiff,<br><br>v.<br><br>GE Renewables US, LLC, *Colorado*;<br>GE Vernova;<br>General Electric Company;<br>Electric Insurance Company;<br>Alston Renewables US, LLC;<br>GE Disability Benefits Center;<br>Sedgwick Claim Management;<br>GE Renewable Energy;<br>Jane Dow; John Dow;<br>GE Renewables US, LLC, *New York*;<br>GE Renewables US, LLC, *South Carolina*,<br><br>Defendants. | No. 6:24-cv-3536-BHH-BM<br><br>**ORDER REGARDING AMENDMENT** |

Plaintiff, proceeding pro se, brings this civil action against the above-named Defendants. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. For the reasons explained below, the undersigned concludes that this action is subject to summary dismissal. However, Plaintiff will be given an opportunity to file an amended complaint to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff makes the following pertinent allegations on her standard complaint form (the "Complaint"). ECF No. 1. Beginning on January 6, 2020, Plaintiff worked as a Lead Fleet Reliability and Operation Engineer for GE Renewable Energy out of the Brookfield office in South Carolina under GE Renewables US, LLC. *Id.* at 4. Plaintiff contends that Defendants did not

follow industry and federal standards and did not report incidents involving her to OSHA as a recordable event. *Id.* Plaintiff alleges that a facility that she worked at was in an unsafe condition under industry standards and federal regulations. *Id.* On June 14, 2021, during an inspection of the Philpot Hydroelectric Powerhouse Unit 2 in Bassett, Virginia, she was injured via electrical shock while measuring the main leads of Unit 2 because the unit was not properly grounded. *Id.* Plaintiff was shocked in the left forearm while measuring the hydroelectric main leads. *Id.* Plaintiff appears to allege that the unsafe conditions in the facility were caused by a fire on March 30, 2016, and a landslide in May 2020. *Id.* at 6. Plaintiff contends that the hazard level of the facility was higher than that for a normal inspection and "had zero protection in place." *Id.* Plaintiff contends Defendants sent her to Philpott Dam Powerhouse on two occasions for engineering inspections—May 17–18, 2021, and June 14, 2021—to perform engineering inspection and measurements of Units 1 and 2, main generator leads, generator and turbine, and the powerhouse. *Id.* Plaintiff alleges that, prior to each visit, she was not given access to the solicitation/contract for review to understand the risks associated with the facility conditions; that Defendants did not provide required personal protective equipment for the specified work to be performed; that Defendants did not have a safety procedure or standard in place prior to the injury; that Defendants did not have an emergency safety plan or emergency action plan; and that Defendants did not perform an Activity Hazard Analysis ("AHA") 15 days prior to Plaintiff arriving at the site as required by the contract. *Id.* During Plaintiff's initial visit, on May 18, 2021, she reported a safety incident to Defendants when O2 sensors detected poor air quality. *Id.* Plaintiff makes other allegations similar to those above and many are redundant to the allegations already summarized. *Id.* at 6–7.

For her relief, Plaintiff makes the following allegations. *Id.* at 11. Plaintiff contends she suffered bodily injuries, which are permanent in nature. *Id.* She has suffered past, present, and future physical pain and mental anguish; disfigurement and/or deformity coupled with associated humiliation and embarrassment; inconvenience; lost earnings and lost earning capacity; medical expenses; and litigation expenses. *Id.* Plaintiff seeks damages in the amount of $25,000,000. *Id.*

## STANDARD OF REVIEW

Because Plaintiff is a pro se litigant, her pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the pro se pleadings and Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## **DISCUSSION**

Plaintiff's Complaint is subject to summary dismissal because it fails to identify any jurisdictional basis upon which this Court can hear the claims asserted and because it fails to state a claim for relief.

### Jurisdiction

As an initial matter, the undersigned questions whether this Court has jurisdiction over this action. On the standard Complaint form, Plaintiff indicates that the basis for federal court jurisdiction was premised on both federal question and diversity jurisdiction. ECF No. 1 at 5. As to federal question jurisdiction, Plaintiff lists what appears to be several cases:

> Parker O'Neil Wideman v. Innovative Fibers LLC No. 23-1163; Stein Fibers LTD, Riley C. Draper v. Innovative Fibers LLC No. 23-1167; Stein Fibers LTD, William F. Douglass; Jessica L. Douglass v. Innovative Fibers LLC; Stein Fibers LTD No. 23-1169.

*Id*. Plaintiff does not provide citations for these cases, nor does she explain how they provide a jurisdictional basis for her claims. Additionally, Plaintiff has failed to provide any citation to a federal statute, treaty, and/or provision of the United States Constitution that are at issue in this case.

As to diversity jurisdiction, Plaintiff notes that she is a citizen of South Carolina, and she provides some information for the citizenship of some of the Defendants named in the Complaint.

*Id*. at 5, 7–11. As to the amount in controversy, Plaintiff asserts that she is seeking damages in the amount of $25,000,000. *Id*. at 11.

### *Applicable Law*

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required to determine if "a valid basis for its jurisdiction exists, and to dismiss the action if no such ground appears." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in her pleadings, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). As such, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction."

Generally, federal district courts have original jurisdiction over two types of cases, referred to as (1) federal question cases, pursuant to 28 U.S.C. § 1331, and (2) diversity cases, pursuant to 28 U.S.C. § 1332. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Diversity jurisdiction requires complete diversity of the parties and an amount in controversy in excess of

$75,000.00. *See* 28 U.S.C. § 1332(a). The parties are completely diverse only if no party on one side is a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

***Discussion***

Here, Plaintiff's allegations concerning federal question jurisdiction are insufficient to establish that the Court has jurisdiction over her claims. Although Plaintiff cites to several cases, she has not explained how they identify a federal question governing her claims. Also, while Plaintiff alleges that Defendants violated various federal regulations, *see* ECF No. 1 at 7, she does not explain how such violations give rise to a cause of action in this private civil action. The crux of this action appears to be a claim sounding in tort under state law as Plaintiff alleges she was injured and she seeks compensation for those injuries. Although Plaintiff makes vague references in her Complaint to purported OSHA violations, "no private right of action exists under OSHA" and allegations, such as those in the present case, concerning violations of OSHA regulations cannot support federal question jurisdiction. *Hinton v. New Hope Hous., Inc.*, No. 1:11-cv-906-JCC-TCB, 2011 WL 5196508, at *3 (E.D. Va. Oct. 31, 2011); *see also Blankenship v. Mead Westvaco Corp.*, No. 7:07-cv-170, 2007 WL 2327585, at *1 (W.D. Va. Aug. 10, 2007) ("The Fourth Circuit has held . . . that OSHA does not create a private right of action . . . and the existence of a private right of action is a 'prerequisite for finding federal question jurisdiction.'"). In sum, it appears from the face of the Complaint that Plaintiff has not identified any federal question that would give this Court jurisdiction over her claims.[2]

---

[2] This Court's conclusion that it lacks jurisdiction over Plaintiff's claims does not mean that she is without a remedy. For example, Plaintiff may be able to bring her state law claims in the state court.

Plaintiff also cites the diversity statute and has made allegations concerning the citizenship of the parties and the amount in controversy. Nevertheless, Plaintiff's allegations are insufficient to demonstrate complete diversity of the parties. For example, Plaintiff identifies her citizenship as South Carolina. ECF No. 1 at 5. And she appears to indicate that at least one Defendant is a citizen of South Carolina although that is not entirely clear. *See* ECF No. 9 at 4 (noting Defendant GE Renewables US, LLC, is in Greenville, South Carolina). Accordingly, diversity of citizenship does not appear to exist in this case. Because the undersigned concludes that complete diversity between the parties does not exist, the Court lacks subject matter jurisdiction over this action. *See Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) (explaining that "no plaintiff may share a citizenship with any defendant").

Additionally, Plaintiff's allegations regarding the citizenship of the Defendants, which are mostly corporations and limited liability companies ("LLCs"), are insufficient to identify the proper citizenship of each entity. "For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011). "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Id.* Although Plaintiff identifies certain Defendants as LLCs in her Complaint, she fails to identify all of the members of those LLCs or their citizenship for jurisdiction purposes. If Plaintiff files an amended complaint, she must provide sufficient information as to each Defendant to fully evaluate the citizenship of that entity.

**Opportunity to Amend**

In sum, Plaintiff has failed to allege facts to demonstrate this Court has jurisdiction over the claims asserted in this action. Thus, this action is subject to summary dismissal for lack of

jurisdiction. Nevertheless, Plaintiff might be able to allege additional facts to demonstrate that this Court has jurisdiction. Accordingly, the Court will afford Plaintiff an opportunity to file an amended complaint.

## CONCLUSION

Consequently, for the reasons stated above, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. §§ 1915. Nevertheless, Plaintiff may be able to cure the deficiencies of her Complaint by filing an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. Therefore, Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above, along with any appropriate service documents. Plaintiff is reminded that any amended complaint is also subject to further initial review by the Court pursuant to 28 U.S.C. § 1915A.

Plaintiff is further reminded that an amended complaint replaces all prior complaints and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). **If Plaintiff fails to file an amended complaint that corrects those deficiencies identified herein, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 without further leave to amend.** *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (explaining that, where

the district court has already afforded a plaintiff with the opportunity to amend, the district court, in its discretion, can either afford plaintiff an additional opportunity to file an amended complaint or dismiss the complaint with prejudice).

**IT IS SO ORDERED**.

s/Bristow Marchant
United States Magistrate Judge

July 12, 2024
Greenville, South Carolina