IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Melissa D. Bohlman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:24-cv-03536-BHH |
| v. ) | |
| ) | **<u>Order</u>** |
| GE Renewables North America, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

*Pro se* Plaintiff Melissa D. Bohlman ("Plaintiff") filed this personal injury action against her former employer, Defendant GE Renewables North America, LLC ("Defendant" or "GE"), asserting two common law state tort claims arising out of injuries she suffered in a work-related incident. (ECF No. 13.)[1] Pursuant to the provisions of Title 28, United States Code § 636(b)(1)(A), and the Local Rules, D.S.C., this matter was referred to a United States Magistrate Judge for preliminary consideration.

Now before the Court is GE's motion to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 30.) Therein, GE asserts that: Plaintiff's claims are barred by (1) the exclusive remedy of the South Carolina Workers' Compensation Act ("the Act") and (2) the statute of limitations. (*Id.* at 3-9.) Plaintiff filed a response in opposition, and GE filed a reply. (ECF Nos. 33, 35.)

On March 4, 2025, United States Magistrate Judge William S. Brown issued a Report and Recommendation ("Report"), outlining the issues and recommending that the

---

[1] The Court has diversity jurisdiction over this matter. (*See* ECF No. 13.)

Court grant GE's motion to dismiss for failure to state a claim based upon the exclusive remedy of the Act. (ECF No. 36.)

Plaintiff filed objections to the Report, and GE filed a reply to Plaintiff's objections. (ECF Nos. 40, 41.)

## Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir.1983).

## Discussion

The Report sets forth the relevant facts and standards of review, and no party objects to these portions of the Report. Accordingly, the Court incorporates those facts and standards of review without a recitation.

While Plaintiff has filed objections to the Report, only two of her four objections purportedly address an alleged error by the Magistrate Judge.[2] (ECF No. 40.) As to those

---

[2] Objections one and two just reiterate Plaintiff's position that she has sufficiently pleaded her state law tort claims in her Amended Complaint. (ECF No. 40 at 1-6.) However, nowhere does Plaintiff address the exclusive remedy of the Act or otherwise specifically object to any findings in the Report.

two objections (three and four in her filing), Plaintiff essentially takes issue with the fact that GE makes its arguments dismissal based on the Act under 12(b)(1) and not 12(b)(6). (*Id.* at 6-7.) In other words, Plaintiff contends that GE waived an exclusive-remedy argument under 12(b)(6) and that the Court cannot address this argument "[w]ithout a formal motion raising the issue." (*Id*.) Plaintiff provides no legal authority to support her assertions.

Upon review, it does appear GE's exclusive-remedy arguments based on the Act were made pursuant to Rule 12(b)(1), and GE's arguments based on statute of limitation grounds were made pursuant to Rule 12(b)(6). (ECF No. 30.) However, the Magistrate Judge determined that, "[***b]ased on the undisputed facts in the Amended Complaint***, Bohlman's exclusive remedy related to her alleged injuries is under the Act." (ECF No. 36 at 5 (emphasis added).) Consequently, the Magistrate Judge recommends dismissing the case under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.* (relying on *Wideman v. Innovative Fibers LLC*, 100 F.4th 490 (4th Cir. 2024) (providing that "when state law prohibits plaintiffs from suing to enforce a state-law right in any state court, federal courts sitting in diversity are bound to dismiss the suit for failure to state a claim").) Because the Fourth Circuit held in *Wideman* that the Act does not impact the jurisdiction of the federal court, the Report recommends dismissal under Rule 12(b)(6) – not 12(b)(1), as argued by GE in its motion. Ultimately, the Court finds no merit to Plaintiff's objections because, here, the Report's recommendation is properly based solely on the undisputed facts alleged in the amended complaint construed in a light most favorable to Plaintiff. *See Wideman*, 200 F.4th at 498 n.9 (finding it more prudent to remand than affirm on grounds not relied upon by the district court because the standard of review is different

upon a 12(b)(6) motion and the district court decided the case under 12(b)(1)). Thus, unlike in *Wideman*, the Report applied the correct standard of review. Moreover, Plaintiff cites no authority, and this Court is aware of none, to support her waiver argument, especially in light of the fact that GE's motion to dismiss was filed pursuant to both Rules 12(b)(1) and 12(b)(6).

## Conclusion

For the foregoing reasons, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 36); **overrules** Plaintiff's objections (ECF No. 40); and **grants** GE's motion to dismiss for failure to state a claim based upon the exclusive remedy of the Act. (ECF No. 30.)

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

April 21, 2025
Charleston, South Carolina

4